UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD MAZZUCCO, on behalf of himself and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KRAFT FOODS GLOBAL, INC.; JAMEY MARTIN,<br><br>　　　　　Defendants. | Hon. Esther Salas, U.S.D.J.<br><br>Civil Action No. 2:11-cv-02430-ES-CLW |

### DEFENDANTS' BRIEF IN SUPPORT OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants Kraft Foods Global, Inc. and Jamey Martin, through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby respond to Plaintiff's Letter Brief ("Let. Br.") objecting to Magistrate Judge Waldor's Report and Recommendation dated November 23, 2011 (the "Report"),[1] and state as follows:

### INTRODUCTION

The Magistrate Judge's Report was correctly decided and should be adopted in full by this Court. The Magistrate Judge properly held that Plaintiff's purported class action complaint is subject to federal jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), concluding that minimal diversity exists between

---

[1] Defendants respond herein only to the objections to the Report stated in Plaintiff's December 7, 2011 Letter Brief. Defendants expressly incorporate the grounds for federal jurisdiction stated in their Brief in Opposition to Plaintiff's Motion for Remand (Dkt #11), and accompanying Supplemental Brief in Opposition to Plaintiff's Motion for Remand (the Supplemental Brief was filed with the Court via facsimile on November 8, 2011 pursuant to the Court's direction and it is

the New Jersey resident Plaintiff and defendant Kraft (a citizen of Delaware and Illinois), that Plaintiff purports to sue on behalf of a class in excess of 100 persons, that Plaintiff's complaint was brought pursuant to New Jersey's class action rule of civil procedure, and that over $5 million are at issue in this litigation. Rep. at 19-20. Plaintiff does not dispute this aspect of the Report, thus subjecting the Report's holding to clear error review. *See Laferta v. Kone Elevator*, No. 09-3285, 2010 U.S. Dist. LEXIS 52570 (D.N.J. May 26, 2010), at *2; Fed. R. Civ. P. 72 Adv. Cmte Notes.

      Plaintiff instead only challenges the Magistrate Judge's rejection of his invocation of the "local controversy" exception to CAFA, claiming error in the Report's finding that Plaintiff does not seek significant relief from the human resources manager at Kraft's Fair Lawn Bakery, co-defendant Jamey Martin. Let. Br. (Dkt. #23) at 2. Plaintiff provides no basis to disturb the Magistrate Judge's Report. Indeed, by his own admission, Plaintiff cannot cite to a ***single*** case holding an administrative employee like Martin liable under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* (the "NJWHL"), for implementing the corporate policies of her employer. Let. Br. at 2. Nor does Plaintiff even attempt to dispute the Report's holding that "Plaintiff has failed to meet his burden of proving that Martin's conduct formed a significant basis for the claims asserted by Plaintiff." Rep. at 22. Accordingly, this Court should adopt in full the well-reasoned Report and maintain jurisdiction over the parties' dispute.

---

not know if it has been re-filed with an ECF Dkt. #), for a more complete articulation as to why federal jurisdiction lies over Plaintiff's purported class action complaint.

## ARGUMENT

Because Plaintiff relies on a CAFA exception to federal jurisdiction, he bears the burden to prove the exception applies. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009).

### The Local Controversy Exception Does Not Apply.

Plaintiff's argument that the "local controversy" exception to CAFA precludes federal jurisdiction over this litigation was properly rejected by the Magistrate Judge. To compel remand under the local controversy exception, Plaintiff must show that:

- More than two-thirds of the proposed class are citizens of New Jersey (28 U.S.C. § 1332(d)(4)(A)(i)(I));

- During the three-year period immediately preceding the filing of Plaintiff's Complaint, no other class action was filed against Kraft asserting the same factual allegations on behalf of the same class of employees (28 U.S.C. § 1332(d)(4)(A)(ii)); and

- A citizen of the forum state must be a defendant "from whom significant relief is sought by members of the plaintiff class" **and** "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" (28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)-(cc)).

As the Magistrate Judge noted correctly, this exception must be interpreted narrowly. *See* Rep. at 21 (citing *Westerfield v. Ind. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010); *Evans v. Walter Indus.*, 449 F.3d 11569, 1164 (11th Cir. 2006)).

Plaintiff contends that the Magistrate Judge erred in her interpretation of the third prong of the exception, claiming that Defendant Martin is a New Jersey defendant "from [whom] significant relief is sought" because, under Plaintiff's interpretation of the New Jersey Wage and Hour Law, Martin is an "employer" who can

be held liable for carrying out the policies enacted by the corporate organization for whom she works. Let. Br. at 2. The Plaintiff falls far short of carrying his burden.

First, even if the Plaintiff were correct that Martin is a defendant from whom significant relief is sought – and, as demonstrated below and as the Magistrate Judge correctly found, she is *not* – Plaintiff does not even attempt to rebut the Magistrate Judge's holding that Martin's conduct does not "form[] a significant basis for the claims asserted by the proposed plaintiff class." Rep. at 22 (holding "Plaintiff has failed to meet his burden of proving that Martin's conduct formed a significant basis for the claims asserted by Plaintiff," and observing that "Plaintiff has failed to address the nine non-exclusive areas of inquiry for determining if the alleged conduct of a local defendant provided a significant basis for the claims asserted"). Accordingly, without a showing that defendant Martin is **both** a defendant "from whom significant relief is sought" **and** that Martin's conduct "forms a significant basis for the claims asserted by the proposed plaintiff class," Plaintiff cannot carry his burden to show that the local controversy exception applies. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)-(cc))

Second, there is no legal support to suggest that defendant Martin is a defendant from whom significant relief is sought. As the language of CAFA indicates, and as federal courts have confirmed, "significant" is a relative term that can only be established in comparison to the other defendants in the case. Thus, in order to determine whether "significant relief" is sought from the local defendant, the court must consider whether the relief sought against that defendant as compared to the non-local defendant "is a significant portion of the entire relief sought by the class":

> [W]hether a putative class seeks relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's

4

> actions, but also a **comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment**.

*Evans*, 449 F.3d at 1167 (emphasis added) (holding plaintiff failed to meet burden to prove "significant relief" requirement where plaintiff offered no evidence to demonstrate the "comparative significance relative to the relief sought from the other 17 named co-defendants").

Nothing in Plaintiff's Complaint indicates that Martin is a defendant from whom "significant relief" is sought. As is self-evident, Martin is an individual employee at Kraft who would not have the ability to satisfy a $10,000,000 judgment. Declaration of Jamey Martin, dated June 21, 2011 ("Martin Sec. Dec.") (Dkt. #11-3), attached to Defendants' Brief in Opposition to Plaintiff's Motion to Remand, at ¶ 3. Martin simply has no financial wherewithal to pay a potential judgment to Plaintiff and his purported class. (Kraft, by contrast, is a publicly-traded company and one of the largest food-producing companies in the United States.) Her role in the dressing and walking time policies that form the basis of Plaintiff's Complaint was, at most, purely administrative, as Martin was not responsible for setting the policies and practices pursuant to which employees have allegedly not been paid. Martin has only been employed by Kraft since June 2008 and she thus was not responsible for setting the long-standing policy regarding the donning and doffing at issue in this case. Declaration of Jamey Martin, dated April 27, 2011 ("Martin Dec."), attached to Defendants' Notice of Removal (Dkt. #1) as Exhibit 4, at ¶¶ 2, 13; Martin Sec. Dec. at ¶ 11.

Moreover, Plaintiff offers no explanation as to how "significant relief" is sought from Martin. The Complaint does not distinguish between the relief sought from Martin and the relief sought from Kraft. Nor does Plaintiff's Letter Brief provide any

5

clarity as to the damages sought from Martin, instead offering a tautological conclusory assertion that "The Complaint is clear. Plaintiff seeks relief from Defendant Martin. As this Court's calculations in the Report and Recommendation demonstrate, the potential value of this litigation is clearly significant, being potentially valued at almost $10 million. Therefore, Plaintiff does seek significant relief from Defendant Martin in his Complaint." Let. Br. at 2. Plaintiff's repeated failure to specify *what* relief is sought specifically from Martin is, by itself, sufficient to reject Plaintiff's invocation of the local controversy exception. *Evans*, 449 F.3d at 1167.

The Plaintiff tellingly acknowledges the lack of legal support for his theory that "significant relief" can be obtained from Kraft's human resources manager for carrying out Kraft's corporate policies. Let. Br. at 2 (acknowledging that "Plaintiff was unable to find any precedent explicitly finding a human resources employee liable under" the New Jersey Wage and Hour Law). But, Plaintiff hastens to add, "it is important to note that neither the Defendants nor the Court have cited to any precedent holding that human resources employee is not liable for such conduct as alleged in this case." *Id.* Plaintiff's reliance on the total absence of authority on the fulcrum of his claim against Martin ignores the fact that *Plaintiff* bears the burden of proving the local exception's application. *Kaufman*, 561 F.3d at 153. Thus, by Plaintiff's own admission, he has failed to carry his burden of proof that the local controversy exception applies and that the Magistrate Judge's Report should be rejected.

## CONCLUSION

Because Plaintiff has not offered evidence to satisfy his burden of proving that Martin's alleged conduct forms a "significant basis" of Plaintiff's claims and that Plaintiff seeks "significant relief" from Martin, Plaintiff has failed to demonstrate that

6

the local controversy applies. Accordingly, Defendants respectfully request that the Magistrate Judge's Report and Recommendation be adopted in full.

Dated: December 13, 2011.

Respectfully submitted,

  /s/ Sharon P. Margello
Sharon P. Margello

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10 Madison Avenue
Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600

Daniel A. Kaplan (admitted *pro hac vice*)
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, WI 53703
Telephone: (608) 257-5035

Jonathan W. Garlough (admitted *pro hac vice*)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654
Telephone: (312) 832-5702

*Attorneys for Defendant Kraft Foods Global, Inc. and Jamey Martin*