# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

_____
:
RONALD MAZZUCCO                          :
                                         :     **Civil Action No.: 11-2430 (ES)**
            Plaintiff,                   :
                                         :
v.                                       :
                                         :
KRAFT FOODS GLOBAL, INC., et al.,        :     **OPINION**
                                         :
            Defendants.                  :
_____  :

**SALAS, District Judge**

## I.      Introduction

On November 23, 2011, Magistrate Judge Cathy Waldor issued a Report and Recommendation (Docket Entry No. 22) recommending that this Court deny Plaintiff Ronald Mazzucco's ("Mazzucco") Motion to Remand. (Docket Entry No. 7). Magistrate Judge Waldor advised the parties that they had fourteen days to file and serve any objections to the Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2). Plaintiff timely filed an objection (Docket Entry No. 23), to which Defendants filed a timely response. (Docket Entry No. 24). For the reasons set forth below, the Court adopts Magistrate Judge Waldor's thoughtful and thorough Report and Recommendation in full, and denies Plaintiff's Motion to Remand.

## II.     Legal Standard

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1 (a)(2). The district court

may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate.  The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2).  Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it.  *United Steelworkers of Am. v. N. J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive.  For dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

## III.    Analysis[1]

Plaintiff's sole objection to Magistrate Judge Waldor's Report and Recommendation concerns the local controversy exception to the Class Action Fairness Act ("CAFA").  The local controversy exception restricts a district court's ability to exercise jurisdiction in limited circumstances.  The relevant inquiry here, therefore, is whether the Court has been presented with one of the limited circumstances which would restrict this Court's ability to exercise its jurisdiction.

It is well settled that the plaintiff bears the burden in proving the local controversy exception to CAFA should be applied.  *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d

---

[1] The Court incorporates Magistrate Judge Waldor's detailed rendition of the facts in this section.

Cir. 2009) ("Once CAFA jurisdiction has been established, . . . the party seeking remand has the burden of showing that the local controversy exception applies.").  The local controversy exception is applicable, and thus a district court should decline to exercise its jurisdiction, when:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> *(II) at least 1 defendant is a defendant*
>
>> *(aa) from whom significant relief is sought by members of the plaintiff class;*
>>
>> *(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and*
>>
>> *(cc) who is a citizen of the State in which the action was originally filed;* and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A).[2]  Therefore, to show that the local controversy exception is applicable, Mazzucco must demonstrate that one of the named defendants is a defendant (1) from whom significant relief is sought; (2) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (3) who is a citizen of the state in which the action was originally filed.[3]

In Her Honor's Report and Recommendation to this Court, Judge Waldor determined that Mazzucco had failed to meet his burden in connection with prongs one and two of this three-prong

---

[2] The relevant section of this statute relating to Plaintiff's objection to the Report and Recommendation has been italicized.

[3] Judge Waldor noted that Plaintiff named Jamey Martin ("Martin"), the human resources representative, as the defendant who is a citizen of the state in which the action was originally filed.

analysis. Specifically, Plaintiff failed to demonstrate that Martin was a defendant from whom significant relief was sought, and whose alleged conduct forms a significant basis for the claims asserted. (*See* Report and Recommendation at 22-23; 28 U.S.C. § 1332(d)(4)(A)(II)(aa)(bb)). As such, Judge Waldor concluded that the Plaintiff had failed to meet his burden of proving that the local controversy exception applies.

Plaintiff takes issue with that conclusion, and in his objection to this Court argues that "Judge Waldor's recommendation that . . . Plaintiff has failed to meet the burden of proving Martin is a defendant from whom significant relief is sought . . . is incorrect." (Docket Entry No. 23). Plaintiff's objection acknowledges that "[w]hile Plaintiff was unable to find any precedent explicitly finding a human resources employee liable under LAD, it is important to note that neither the Defendants nor the Court have cited to any precedent holding that a human resources employee is not liable for such conduct as alleged in this case." (*Ibid.*).

Plaintiff's argument is misplaced. The law in the Third Circuit is clear: "once CAFA jurisdiction has been established, . . . the party seeking remand has the burden of showing that the local controversy exception applies." *Kaufman*, 561 F.3d at 153. Thus, the burden lies with Mazzucco–not the Court or Defendants–to demonstrate, to the satisfaction of this Court, that the local controversy exception is warranted. As Judge Waldor noted, to which this Court agrees, Plaintiff's "conclusory statements that significant relief is sought" coupled with the lack of "case law to support the contention that a human resource employee can be held personally liable for implementing a[] . . . work policy or procedure" is insufficient. (*See* Report and Recommendation at 22). To that end, the Court finds that Plaintiff has failed to prove that Martin–the human resources representative–is a defendant from whom significant relief was sought. *See* 28 U.S.C. §

1332(d)(4)(A)(II)(aa).

The Court further finds that Plaintiff has failed to demonstrate that Martin's conduct formed a significant basis for Plaintiff's claims.  *See* 28 U.S.C. § 1332(d)(4)(A)(II)(bb).  As Judge Waldor recognized, Plaintiff failed to address the relevant "areas of inquiry for determining whether the alleged conduct of a local defendant provided a significant basis for the claims asserted."  (Report and Recommendation at 22) (citing *Kaufman*, 561 F.3d at 157 n.13).  Specifically, Plaintiff failed to address: (1) the nature of the claims raised against Martin and the non-local defendant, Kraft; (2) the number of Plaintiff's claims that rely on Martin's conduct; (3) whether Martin implemented any of the procedures at issue; and (4) the identity of the defendants and how they are related.  *Id.* at 23. For these reasons, the Court finds Plaintiff's objection unavailing, and concludes that Plaintiff has failed to sustain his burden of showing that the local controversy exception applies.

Therefore, having thoroughly reviewed Magistrate Judge Waldor's Report and Recommendation, Plaintiff's objection thereto, and Defendants' response, this Court hereby adopts Magistrate Judge Waldor's Report and Recommendation in full.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to remand this case to New Jersey Superior Court, Bergen County is denied.  An appropriate Order shall accompany this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
